## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ERIE INSURANCE COMPANY, | : | Case No. 1:20-cv-344 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ERIC MANNS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Docs. 23, 27, 38)

This civil case is before the Court on Plaintiff Erie Insurance Company's ("Erie")

motions for default judgment against Defendants D'Agostino Management, LLC, Ronald

Pace III, and Terry Golden (Doc. 23); Defendant Eric Manns (Doc. 27); and against Rock

Bottom Boys LLC (Doc. 38). No defendant has responded.

## I. BACKGROUND

### A. Factual Background

Erie filed this action against Defendants Eric Manns, Ronald Pace III, Terry

Golden, Rock Bottom Boys LLC ("Rock Bottom"),[1] and D'Agostino Management, LLC

("D'Agostino"), seeking a declaration of its duties under an insurance policy with Rock

Bottom under the Declaratory Judgment Act. (Doc. 1).

---

[1] The Court notes that Rock Bottom is referred to as "Rock**y** Bottom" throughout the docket.
This appears to have been an inadvertent mistake when adding parties in the ECF system, as all
documents, including the complaint (Doc. 1) and the clerk's entry of default (Doc. 37), refer to
the party as Rock Bottom. The Court will refer to the party as and grants default against Rock
Bottom Boys, LLC.

From August 1, 2018 to August 1, 2019, Erie provided auto-insurance to Rock Bottom, who purportedly employed Mr. Manns.  (*Id*. at ¶¶ 11, 13).  Mr. Manns was allegedly involved in an auto-pedestrian accident while street racing against Mr. Pace. (*Id*. at ¶ 16).  While Mr. Manns and Mr. Pace were street racing, Mr. Pace lost control of his vehicle and struck Mr. Golden.  (*Id*.)  Mr. Golden filed a lawsuit against Mr. Manns and Mr. Pace, as well as Rock Bottom, as owner of the vehicle Mr. Manns was driving, and D'Agostino, as owner of the property where the incident occurred.  (*Id*.)  That lawsuit was filed in the District Court of Harris County, Texas, Case No. 2019-86168. (*Id*. at ¶ 15).

Erie is defending Rock Bottom and Mr. Manns in the Texas lawsuit, under a reservation of rights.  (*Id*. at ¶ 17).  Erie contends that it does not owe Rock Bottom or Mr. Manns coverage under its policy based on the facts of the Texas dispute.  (*Id*.)  Erie seeks a declaration of rights and responsibilities under its policy with Rock Bottom, and a declaration that Erie has no duty to defend or indemnify Rock Bottom or Mr. Manns against Mr. Golden's claims in the Texas lawsuit.  (*Id*. at Prayer for Relief).  Erie does not assert any compensatory damages.

### B.    Procedural History

Erie filed its complaint for declaratory judgment on April 29, 2020.  (Doc. 1). Erie requested issuances of summons for all Defendants on June 19, 2020.  (Docs. 2–6). D'Agostino, Mr. Pace, and Mr. Golden were all served on July 6, 2020, with answers due July 27, 2020.  (Doc. 9).  D'Agostino, Mr. Pace, and Mr. Golden did not file answers, and

Erie applied to the clerk for an entry of default against the three on August 14, 2020. (Doc. 18).[2]  The Clerk entered default on the same day.  (Doc. 19).

Mr. Manns' first summons was returned unexecuted.  (Doc. 10).  Summons was re-issued and Mr. Manns was served on August 10, 2020.  (Doc. 15).  Mr. Manns did not timely file an answer or other responsive pleading, and Erie applied to the clerk for an entry of default against Mr. Manns on September 1, 2020.  (Doc. 24).   The Clerk entered default on the same day.  (Doc. 25).

After the first summons to Rock Bottom, two additional summonses were issued. (Docs. 21, 30).  Rock Bottom was served on October 31, 2020.  (Doc. 31).  Rock Bottom did not timely answer or otherwise respond, and Erie applied to the clerk for an entry of default against Rock Bottom on November 24, 2020.  (Doc. 35).  The Clerk entered default on January 14, 2021.  (Doc. 37).

Following each entry of default (Docs. 19, 25, 37), Erie moved for default judgment against the all Defendants.  (Docs. 23, 27, 38).  Those motions are now ripe for review.

## II.  LAW AND ANALYSIS

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be

---

[2] The Court denied Erie's first motion for default judgment as to these three defendants because Erie did not apply for nor receive the clerk's entry of default.  (Doc. 17).

proven." *Wood v. Bronzie*, No. 1:20-CV-231, 2020 WL 4015247, at *1 (S.D. Ohio July 16, 2020) (quotation and citations omitted).

Default judgment may be entered in declaratory judgment actions; however, the "court is not compelled to exercise its jurisdiction over declaratory judgment actions." *Essex Ins. Co. v. Xtreme Fitness Sterling Heights*, No. 11-12293, 2012 WL 529979, at *3 (E.D. Mich. Feb. 17, 2012) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)). *See also Penn-Star Ins. Co. v. Barr-Bros. Plastering Co.*, No. 2:10-CV-587, 2011 WL 795062, at *2 (S.D. Ohio Feb. 28, 2011) ("courts do sometimes grant default judgment in declaratory judgment actions involving the question of coverage under insurance policies") (citing cases).  In cases involving multiple defendants, "courts frequently prefer to delay the default judgment against defaulting defendants until the claims against the nondefaulting defendants are resolved" in order to avoid inconsistent judgments."  *Penn-Star*, 2011 WL 795062, at *2 (quoting 10 James Wm. Moore *et al.*, Moore's Federal Practice § 55.36[1] (3d ed.); then citing cases).

First, the Court is compelled to exercise its jurisdiction over the declaratory action because it will "definitively determine whether or not [Erie] owes a duty to [Rock Bottom and Mr. Mann] to defend and indemnify [those parties] in the state court action, and a prompt declaration of policy coverage would surely 'serve a useful purpose in clarifying the legal relations at issue.'"  *Essex Ins.*, 2012 WL 529979, at *3 (quoting *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir.2000)).

Second, Erie has fulfilled all the prerequisites for a default judgment against all Defendants under Rule 55.  All Defendants were served, all failed to appear or otherwise

defend in this case, and Erie obtained a clerk's entry of default for each Defendant.  Thus,

all of Erie's well-pleaded allegations are taken as true, and Erie is entitled to default

judgment. Fed. R. Civ. P. 55.  *See also Essex Ins.*, 2012 WL 529979 at *4 (granting

default judgment to plaintiff-insurer and declaring insurer had no duty to defend or

indemnify insured in state court action).

## IV.  CONCLUSION

Based upon the foregoing Plaintiff's motions for default judgment against

Defendants Ronald Pace II, Terry Golden, and D'Agostino Management, LLC (Doc. 23),

against Eric Manns (Doc. 27), and against Rock Bottom Boys LLC (Doc. 38) are all

GRANTED.  Specifically:

1.  The Court hereby **DECLARES** that under the policy between Plaintiff Erie
    Insurance Company and Defendant Rock Bottom Boys LLC, Plaintiff Erie
    Insurance Company has no duty to defend or indemnify Rock Bottom
    Boys, LLC and Eric Manns arising out of the incident with Defendants
    Terry Golden, Ronald Pace III, and D'Agostino Management, LLC.

2.  The Clerk **SHALL** enter Judgment in favor of Plaintiff against all
    Defendants.

3.  This civil action is **TERMINATED** on the docket of this Court upon entry
    of Judgment.

**IT IS SO ORDERED.**

Date:  2/9/2021 _____                    _____*s/ Timothy S. Black*_____
                                                   Timothy S. Black
                                                   United States District Judge